IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SALVADOR HERNANDEZ, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. |
| | ) | |
| v. | ) | Judge |
| | ) | |
| R&R LAUNDRY SOLUTIONS, INC., | ) | Magistrate Judge |
| and ROCHELLE REAUMOND, individually, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiff Salvador Hernandez, by and through his attorneys, for his Complaint against Defendants R&R Laundry Solutions, Inc. and Rochelle Reaumond, individually, (collectively "Defendants") states as follows:

## INTRODUCTION

1. This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* ("IMWL"), and the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 *et seq.* ("IWPCA") for Defendants' failure to pay Plaintiff: (1) overtime wages for all time worked in excess of forty (40) hours in individual workweeks in violation of the FLSA and the IMWL, (2) minimum wages for all time worked in violation of the FLSA and the IMWL; and (3) earned wages for all time worked at the rate agreed upon by the parties in violation of the IWPCA.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over Plaintiff's FLSA claim pursuant to 28 U.S.C. § 1331, arising under 29 U.S.C. § 216(b). This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this judicial district because Defendants' place of business is located within this judicial district and the events giving rise to Plaintiff's claims occurred in this judicial district.

## PARTIES

**A.    Plaintiff**

4. During the course of his employment, Plaintiff:

   a. has handled goods that move in interstate commerce;

   b. was employed by Defendants as an "employee" within the meaning of the FLSA, 29 U.S.C. § 203(e)(1), the IMWL, 820 ILCS 105/3(d), and the IWPCA, 820 ILCS 115/2;

   c. resides in and is domiciled in this judicial district.

**B.    Defendants**

5. Within the relevant time period, Defendants have operated one laundry services location and have done business as R&R Laundry Solutions within this judicial district.

6. Within the relevant time period, Defendant R&R Laundry Solutions, Inc.:

   a. has been a corporation organized under the laws of the State of Illinois;

   b. has conducted business in Illinois and within this judicial district;

   c. has done business as R&R Laundry Solutions within this judicial district;

   d. has been an "enterprise" as defined by Section 3(r)(1) of the FLSA, 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce, or in the production of goods for commerce, within the meaning of Section 3(s)(1)(A) of the FLSA;

    e.    has had two (2) or more employees who have handled goods that moved in interstate commerce; and

    f.    was Plaintiff's "employer" as defined by the FLSA, 29 U.S.C. § 203(d), the IMWL, 820 ILCS 105/3(c), and the IWPCA, 820 ILCS 115/2.

7. Within the relevant time period, Defendant Rochelle Reaumond:

    a.    has been the owner and operator of Defendant R&R Laundry Solutions, Inc.;

    b.    among other things, Defendant Rochelle Reaumond has had the authority to hire and fire, to direct and supervise the work of Plaintiff, to authorize payment of wages to Plaintiff, to sign on the company's checking accounts, including any payroll account, and to participate in any decisions regarding the operation of the business and employment policies and practices;

    c.    operates within this judicial district and within the state of Illinois; and

    d.    was Plaintiff's "employer" as defined by the FLSA, 29 U.S.C. § 203(d), the IMWL, 820 ILCS 105/3(c), and the IWPCA, 820 ILCS 115/2.

## FACTUAL BACKGROUND

8. Since approximately November 2012 until approximately March 31, 2015, Plaintiff was employed by Defendants to work at Defendants' laundry service business, located on 4400 Lawndale Avenue in Lyons, Illinois.

9. Throughout his employment with Defendants, Plaintiff was paid at an agreed-upon hourly rate by payroll check on either a weekly or semi-monthly basis for all hours worked in a given pay period.

10. Within the three (3) years prior to Plaintiff filing this Complaint, Defendants regularly and customarily required Plaintiff to work in excess of forty (40) hours in individual workweeks, but did not compensate him at one and a half times his regular rate of pay for time worked in excess of forty (40) hours in individual workweeks.

11. Defendants instead paid Plaintiff at straight time for all time worked.

12. Defendants' failure to compensate Plaintiff at one and a half times his regular rate of pay resulted in violations of the overtime requirements of the FLSA and the IMWL.

13. For approximately his last four (4) weeks of employment with Defendants, Defendants failed to compensate Plaintiff for all hours worked at his agreed-upon hourly rate either by providing Plaintiff with a payroll check that was returned for insufficient funds or by simply not compensating Plaintiff at all for all hours worked.

14. Defendants' failure to compensate Plaintiff at any rate for all hours worked during his last four (4) weeks of employment, resulted in violations of the minimum wage requirements of the FLSA and the IMWL.

15. Defendants' failure to compensate Plaintiff at the agreed upon hourly rate for any of his hours worked, as described above, resulted in violations of the IWPCA.

## COUNT I
### Violation of the FLSA – Overtime Wages

Plaintiff hereby incorporates and re-alleges paragraphs 1 through 15 as though set forth herein.

16. This Count arises from Defendants' violation of the FLSA for Defendants' failure to pay Plaintiff one and a half times his regular rate of pay for all time worked in excess of forty (40) hours in individual workweeks, as described more fully in paragraphs 8-12, *supra*.

17. Defendants directed Plaintiff to work, and Plaintiff, in fact, did work in excess of forty (40) hours in individual workweeks.

18. Plaintiff was not exempt from the overtime provisions of the FLSA.

19. Plaintiff was entitled to be paid overtime wages at the premium rate of one and a half times his regular hourly rate for all time worked in excess of forty (40) hours in individual workweeks.

20. Defendants did not pay Plaintiff overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

21. Defendants' failure to pay Plaintiff his overtime wages for all time worked in excess of forty (40) hours worked in individual workweeks was a violation of the FLSA.

22. Plaintiff is entitled to recover unpaid overtime wages for up to three (3) years prior to the filing of this lawsuit because Defendants' failure to pay overtime wages for hours worked in excess of forty (40) hours per workweek was a willful violation of the FLSA.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A. A judgment in the amount of unpaid overtime wages for all time Plaintiffs worked in excess of forty (40) hours in individual workweeks;

B. Liquidated damages in the amount equal to the unpaid overtime wages;

C. That the Court declare that Defendants violated the FLSA;

D. That the Court enjoin Defendants from violating the FLSA;

E. Reasonable attorneys' fees and costs of this action as provided by the FLSA; and

F. Such other and further relief as this Court deems appropriate and just.

### COUNT II
### Violation of the IMWL – Overtime Wages

Plaintiff hereby incorporates and re-alleges paragraphs 1 through 22 as though set forth herein.

23. This Count arises from Defendants' violation of the IMWL for Defendants' failure to pay Plaintiff overtime wages for all time worked in excess of forty (40) hours in individual workweeks, as described more fully in paragraphs 8-12, *supra.*

24. Defendants directed Plaintiff to work, and Plaintiff did, in fact, work in excess of forty (40) hours in individual workweeks in the three (3) years prior to Plaintiff filing this lawsuit.

25. Plaintiff was not exempt from the overtime provisions of the IMWL.

26. Plaintiff was entitled to be paid overtime wages for all time worked in excess of forty (40) hours in individual workweeks.

27. Defendants did not pay Plaintiff overtime wages at the premium rate of one and a half times his regularly hourly rate for all time worked in excess of forty (40) hours in individual workweeks.

28. Defendants' failure to pay Plaintiff overtime wages for all time worked in excess of forty (40) hours in individual workweeks was a violation of the IMWL.

29. Pursuant to 820 ICS 105/12(a), Plaintiff is entitled to recover unpaid overtime wages for three (3) years prior to the filing of this lawsuit up until the entry of judgment in this case.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A. A judgment in the amount of unpaid overtime wages for all time worked by Plaintiff in excess of forty (40) hours in individual workweeks as provided by the IMWL;

B. Statutory damages for Plaintiff pursuant to the formula set forth in 820 ILCS 105/12(a);

C. That the Court declare that Defendant has violated the IMWL;

D. That the Court enjoin Defendant from continuing to violate the IMWL;

E. Reasonable attorneys' fees and costs of this action as provided by the IMWL, 820 ILCS 105/1 *et seq.*; and

F. Such other and further relief as this Court deems appropriate.

## COUNT III
### Violation of the FLSA – Minimum Wages

Plaintiff hereby incorporates and re-alleges paragraphs 1 through 29 as though set forth herein.

30. This Count arises from Defendants' violation of the FLSA for Defendants' failure to pay Plaintiff the federally-mandated minimum wage for all time worked, as described more fully in paragraphs 12-14, *supra.*

31. Defendants directed Plaintiff to work, and, in fact, Plaintiff did work, but was not compensated the federally-mandated minimum wage for all time worked in certain individual workweeks.

32. Plaintiff was not exempt from the minimum wage provisions of the FLSA.

33. Plaintiff was entitled to be paid the federally-mandated minimum wage for all hours worked.

34. Defendants did not pay Plaintiff the federally-mandated minimum wage for all hours worked in certain individual workweeks.

35. Defendants' failure to pay Plaintiff the federally-mandated minimum wage for all hours worked in certain individual workweeks was a violation of the FLSA.

36. Plaintiff is entitled to recover unpaid minimum wages for up to three (3) years prior to the filing of this lawsuit because Defendants' failure to pay at least the federally-mandated minimum wage rate was a willful violation of the FLSA.

WHEREFORE, Plaintiff prays for a judgment in their favor and against Defendants as follows:

    A. A judgment in the amount of unpaid minimum wages for all hours worked in certain individual workweeks as provided by the FLSA;

    B. Liquidated damages in the amount equal to the amount of unpaid minimum wages;

C.  That the Court declare that Defendant violated the FLSA;

D.  That the Court enjoin Defendant from violating the FLSA;

E.  Reasonable attorneys' fees and costs of this action as provided by the FLSA, 29 U.S.C. § 216(b); and

F.  Such other and further relief as this Court deems appropriate and just.

## COUNT IV
## Violation of the IMWL – Minimum Wages

Plaintiff hereby incorporates and re-alleges paragraphs 1 through 36 as though set forth herein.

37. This Count arises from Defendants' violation of the IMWL for Defendants' failure to pay Plaintiff at least the Illinois-mandated minimum wage for all time worked, as described more fully in paragraphs 12-14, *supra.*

38. Defendants directed Plaintiff to work, and, in fact, Plaintiff did work, but was not compensated at least the Illinois-mandated minimum wage for all time worked in certain individual workweeks.

39. Plaintiff was not exempt from the minimum wage provisions of the IMWL.

40. Plaintiff was entitled to be paid at least the Illinois-mandated minimum wage for all hours worked.

41. Defendants did not pay Plaintiff at least the Illinois-mandated minimum wage for all hours worked in certain individual workweeks.

42. Defendants' failure to pay Plaintiff at least the Illinois-mandated minimum wage for all hours worked in certain individual workweeks was a violation of the IMWL.

43. Plaintiff is entitled to recover unpaid minimum wages for up to three (3) years prior to the filing of this lawsuit because Defendants' failure to pay at least the Illinois-mandated minimum wage rate was a willful violation of the IMWL.

WHEREFORE, Plaintiff prays for a judgment in their favor and against Defendants as follows:

- A. A judgment in the amount of unpaid minimum wages for all hours worked in certain individual workweeks as provided by the IMWL;
- B. Statutory damages of 2% of the amount of unpaid minimum wages pursuant to the formula set forth in 820 ILCS 105/12(a);
- C. That the Court declare that Defendant violated the IMWL;
- D. That the Court enjoin Defendant from violating the IMWL;
- E. Reasonable attorneys' fees and costs of this action as provided by the IMWL, 820 ILCS 105/12(a); and
- F. Such other and further relief as this Court deems appropriate and just.

## COUNT V
## Violation of the IWPCA – Earned Wages

Plaintiff hereby incorporates and re-alleges paragraphs 1 through 43 as though set forth herein.

44. This Count arises from Defendants' violation of the IWPCA for Defendants' failure to pay Plaintiff his earned wages for all time worked at the rate agreed to by the parties, as described more fully in paragraphs 12-15, *supra.*

45. During the course of Plaintiff's employment with Defendants, the parties had an agreement that Defendants would compensate Plaintiff at the agreed-upon rates for all time worked.

46. Defendants did not compensate Plaintiff at the agreed-upon rate for all time worked.

47. Pursuant to the IWPCA, Plaintiff was entitled to be paid for all time worked at the rate agreed-upon by the parties.

48. Defendants' failure to compensate Plaintiff for all time worked at the rate agreed-upon by the parties was a violation of the IWPCA.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A. A judgment in the amount of unpaid earned wages for all time worked by Plaintiff as provided by the IWPCA;

B. Statutory damages for Plaintiff pursuant to the formula set forth in 820 ILCS 115/12(a);

C. That the Court declare that Defendant has violated the IWPCA;

D. That the Court enjoin Defendant from continuing to violate the IWPCA;

E. Reasonable attorneys' fees and costs of this action as provided by the IWPCA, 820 ILCS 115/1 *et seq.*; and

F. Such other and further relief as this Court deems appropriate.

Respectfully submitted,

Dated: June 26, 2015

s/Lydia Colunga-Merchant
Lydia Colunga-Merchant
Yolanda Carrillo
Raise the Floor Alliance – Legal Dept.
1 N. LaSalle, Suite 1275
Chicago, Illinois 60602
(312) 795-9115

Attorneys for Plaintiffs